**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Bob MAYNARD, Defendant-Appellant.**

**No. 26084.**

United States Court of Appeals,
Ninth Circuit.

March 9, 1971.

Robert J. Hirsh (argued), Tucson, Ariz., for appellant.

Ann Bowen, Asst. U. S. Atty. (argued), Richard K. Burke, U. S. Atty., Tucson, Ariz., for appellee.

Before MERRILL, KOELSCH and DUNIWAY, Circuit Judges.

PER CURIAM:

Maynard was jointly indicted and tried with one Robert Fred Bishop, the indictment charging conspiracy to violate 21 U.S.C. § 176a. Both have appealed. We have affirmed the conviction of Bishop. United States v. Bishop,

9 Cir., 1971, 435 F.2d 1268 (1971). The facts of the case are stated in our opinion in Bishop's case and we do not repeat them here.

On this appeal, Maynard contends that his arrest and the search of the suitcase that he was carrying were illegal. He moved to suppress the fruits of the search and this motion was denied. The records show that the information that the arresting officer had was slightly different from that to which Mrs. Celaya testified at the trial. His information was that there had been only one man at Mrs. Celaya's store, that the man's description fitted Maynard, and that it was Maynard who received the suitcase from the young Mexican who came down from the hill where there is a hole in the border fence. These differences do not, in our opinion, affect the question of probable cause.

■■ The information that the officer had was sufficient at least to justify his stopping and questioning Maynard. If he did not then have probable cause to arrest, he certainly did have probable cause when, in answer to his inquiry, Maynard offered him a bribe. We think it immaterial whether the arrest preceded or followed the opening of the suitcase. As we said in Buick v. United States, 9 Cir., 1968, 396 F.2d 912–915:

"The fact that the seizure may have preceded the actual arrest by a matter of minutes is immaterial where it was part of one continuous transaction and the existence of probable cause preceded the seizure."

Maynard argues that instead of opening the suitcase the officer should have detained it until he could obtain a search warrant. This argument was recently rejected by this court under very similar circumstances in United States v. Mehciz, 9 Cir., 1971, 437 F.2d 145, where we upheld a warrantless search of a suitcase incident to the lawful arrest of its carrier.

Affirmed.